In the Matter of the Claim of ETHEL RANDALL, Respondent, against PULLMAN COMPANY, Appellant.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 12, 1952.

*Joseph C. McKinnon* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *John J. Quinn* of counsel), for Workmen's Compensation Board, respondent.

*Delson, Levin & Gordon* for claimant-respondent.

BERGAN, J.   Claimant who was a cleaner for the Pullman Company fell on an icy platform on February 27, 1943, and injured her right knee.   Surgery was required and there was a substantial limitation of the use of the knee.

There was also a slight restriction in the flexion of the right hip which, for the purposes of this appeal, we will assume could not have been found due to the accident, although that is, perhaps, an open question on the record.

The board found that claimant sustained both the injury to her right knee " and " the hip restriction in the accident and from " said accidental injuries " claimant had suffered a loss of 87½% of use of the right leg.

Appellant argues the award is improper because both conditions have been found conjunctively to have caused the disability; that there is no allocation between the causes; and one of them, the hip condition, is not clearly to be attributed to the accident.

There is firmly expressed medical opinion in the record, however, that the knee injury alone, excluding the hip condition, would cause a loss of 87½% of the use of the leg.   The board thus had evidence before it upon which it could have attributed the loss of use entirely to the accidental knee injury, and its decision and finding must be given a liberal interpretation in support of a result which it reasonably could have reached on this record.

Besides the finding in which the knee injury " and " the hip condition were both attributed to the accident, the board made an omnibus finding that the " said loss of 87½ per cent of the right leg is the natural and unavoidable result of the accidental injuries sustained ", which is sufficient alone to have sustained the award.   This finding could literally have been based entirely on the knee injury.

In a discussion between counsel and the referee on the cross-examination of a doctor about the manner in which schedules are arrived at, counsel objected and made the statement that " the Referee fixes the schedule ".   The referee, however, said that the " State doctors fix the schedule.   The Referees certainly cannot fix the schedules.   Referees aren't allowed to fix schedules."

Appellant makes a formidable-sounding constitutional law point in its brief that this observation by the referee amounted to a deprivation of due process of law " and withdraws from it the equal protection of law ".

When the record is examined as a whole it seems to us that the referee made a judicial determination on the facts and regarded the medical opinion as informative in aid of her appraisal of the injury.

Whatever may have been the referee's view about the limitations of her judicial function those views are not shown to have been shared by the board in affirming her decision.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board. [See *post*, p. 1100.]